IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN ASTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CLAAS FINANCIAL SERVICES LLC<br>475 SANSOME STREET, 19TH FLOOR<br>SAN FRANCISCO, CALIFORNIA 94111 | * * | |
| PLAINTIFF, | * | CASE NO.: 7:17-CV-00486 |
| V. | * | |
| JUSTICE FARMS OF NORTH CAROLINA, LLC<br>302 S. JEFFERSON STREET,<br>ROANOKE, VIRGINIA 24011 | *<br><br>* | |
| SERVE ON REGISTERED AGENT: | * | |
| CT CORPORATION SYSTEM<br>4701 COX ROAD, SUITE 285<br>GLEN ALLEN, VIRGINIA 23060-6802, | *<br><br>* | |
| DEFENDANT. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

Plaintiff, CLAAS Financial Services LLC ("CLAAS"), by its attorneys, hereby sues the defendant, Justice Farms of North Carolina, LLC ("Justice Farms"), and for its causes of action states:

Jeremy S. Friedberg, VSB No. 40228
Gordon S. Young, VSB No. 68822
Friedberg PC
10045 Red Run Boulevard, Suite 160
Baltimore, Maryland 21117
(410) 581-7400
(410) 581-7410 (facsimile)
jeremy@friedberg.legal
gordon.young@friedberg.legal

*Attorneys for CLAAS Financial Services LLC*

268322_3

## PARTIES

1. Plaintiff CLAAS is a limited liability company organized under the laws of the State of Delaware, with its principal place of business located in San Francisco, California.

2. Defendant Justice Farms is a limited liability company organized under the laws of the Commonwealth of Virginia, with its principal place of business located in Roanoke, Virginia.

## JURISDICTION AND VENUE

3. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332. Plaintiff CLAAS is a Delaware limited liability company with its principal place of business in California, and defendant Justice Farms is a Virginia limited liability company with its principal place of business of Virginia. All issues of law and fact are among citizens of different states.

4. Venue is proper in the Western District of Virginia under 28 U.S.C. § 1391 because a substantial part of the events giving rise to CLAAS's claims occurred in this district.

5. The amount in controversy exceeds $75,000.00, exclusive of interest, costs and attorneys' fees.

## FACTS COMMON TO ALL COUNTS

6. Pursuant to an Equipment Finance Agreement dated August 12, 2016 (the "Agreement"), Justice Farms obtained financing from CLAAS to acquire certain valuable farm equipment more fully described in Exhibit A to the Agreement (collectively, the "Collateral"). A copy of the Agreement is attached as Exhibit 1 and incorporated herein.

7. CLAAS evidenced its interest in the Collateral by filing a financing statement with the Virginia State Corporation Commission. Copies of the financing statement, along with amendments to the same, are attached collectively as Exhibit 2 and incorporated herein.

8. Justice Farms breached the terms of the Agreement by, among other things, failing to make payments to CLAAS when and as due.

9. Due to Justice Farms' default under the Agreement, CLAAS accelerated all amounts outstanding under the Agreement and made demand upon Justice Farms for payment and surrender of the Collateral. A copy of the demand letter from CLAAS to Justice Farms, dated September 29, 2017, is attached as Exhibit 3 and incorporated herein.

10. Justice Farms failed and refused to make payment of its outstanding obligations under the Agreement and failed to surrender and return the Collateral to CLAAS despite demand therefor.

11. As a direct and proximate result of Justice Farms' breach of the Agreement, CLAAS has suffered injury in the amount of $807,996.19 as of September 29, 2017, plus reasonable attorneys' fees, interest, costs of this action, and other expenses incurred by CLAAS in enforcing its rights under the Agreement.

12. Justice Farms unjustly retains possession and custody of the Collateral despite CLAAS's demand for the return thereof.

13. The fair market value of the Collateral is $300,000.00.

14. CLAAS's economic injury increases so long as the obligations owed by Justice Farms remain unpaid.

### COUNT I
### (BREACH OF CONTRACT)

15. CLAAS incorporates each of the averments of the foregoing paragraphs of this Complaint as if such averments were set forth in full and at length in this Count I.

16. Justice Farms defaulted on its obligations to CLAAS under the Agreement by, among other things, failing to make payments to CLAAS when and as due.

17. Justice Farms failed and refused to pay the amounts owing to CLAAS under the Agreement.

18. Justice Farms' default under the Agreement has injured CLAAS in the amount of $807,996.19 as of September 29, 2017, plus reasonable attorneys' fees, interest, costs of this action, and other expenses incurred by CLAAS in enforcing its rights under the Agreement.

WHEREFORE, plaintiff CLAAS Financial Services LLC respectfully requests that this Court enter an order:

    A. Granting judgment in its favor and against defendant Justice Farms of North Carolina, LLC, in the amount of $807,996.19, or in such other amount according to proof, plus reasonable attorneys' fees, interest, costs of this action, and other expenses incurred by CLAAS in enforcing its rights under the Agreement; and

    B. Granting such other and further relief as this cause may require.

### COUNT II
### (PETITION IN DETINUE)

19. CLAAS incorporates each of the averments of the foregoing paragraphs of this Complaint as if such averments were set forth in full and at length in this Count II.

20. The Agreement entitles CLAAS, upon Justice Farms' default, to take possession of the Collateral or to require Justice Farms to return the Collateral to CLAAS.

21. Due to Justice Farms' breach of the Agreement, Justice Farms is in default thereof, and, as a result, CLAAS is entitled to immediate possession of the Collateral.

22. CLAAS demanded that Justice Farms surrender possession of the Collateral, which demand CLAAS refused.

268322_3    4

Case 7:17-cv-00486-RSB   Document 1   Filed 10/19/17   Page 4 of 6   Pageid#: 4

23. Justice Farms unjustly retains possession of the Collateral without authorization or permission of CLAAS and despite CLAAS's demand for return of the Collateral.

24. As a direct and proximate result of Justice Farms' unjust detention of the Collateral, CLAAS has suffered and will continue to suffer injury in the amount of $300,000.00, plus pre- and post-judgment interest, attorneys' fees, costs of this action, and other costs and expenses incurred by CLAAS in enforcing its rights under the Agreement.

WHEREFORE, plaintiff CLAAS Financial Services LLC respectfully requests that this Court enter an order:

- A. Granting CLAAS's Petition in Detinue for seizure of the Collateral;
- B. Directing the U.S. Marshal to seize the Collateral and return it to the possession of CLAAS or its duly authorized agent;
- C. Granting judgment in its favor and against defendant Justice Farms of North Carolina, LLC in the amount of $300,000.00 for its unjust detention of the Collateral;
- D. Requiring defendant Justice Farms of North Carolina, LLC to pay CLAAS the costs and expenses it incurred in bringing and prosecuting this action, including its attorneys' fees; and

E. Granting such other and further relief as this cause may require.

/s/ Jeremy S. Friedberg
Jeremy S. Friedberg, VSB No. 40228
Gordon S. Young, VSB No. 68822
Friedberg PC
10045 Red Run Boulevard, Suite 160
Baltimore, Maryland 21117
(410) 581-7400
(410) 581-7410 (facsimile)
jeremy@friedberg.legal
gordon.young@friedberg.legal

*Attorneys for CLAAS Financial Services LLC*

268322_3                                6

Case 7:17-cv-00486-RSB   Document 1   Filed 10/19/17   Page 6 of 6   Pageid#: 6