IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CLAAS FINANCIAL SERVICES LLC, | * | |
| PLAINTIFF/JUDGMENT CREDITOR, | * | |
| v. | * | CASE NO.: 7:17-CV-00486 |
| JUSTICE FARMS OF NORTH CAROLINA, LLC, | * | |
| DEFENDANT/JUDGMENT DEBTOR. | * | |

* * * * * * * * * * * *

## PLAINTIFF'S CONSENT MOTION TO WITHDRAW GARNISHMENT SUMMONSES

Plaintiff/Judgment Creditor, CLAAS Financial Services LLC ("CLAAS"), by its attorneys and with the consent of defendant/judgment debtor Justice Farms of North Carolina, LLC ("Justice Farms"), pursuant to Federal Rule of Civil Procedure 7, hereby moves to withdraw those certain garnishment summonses issued by the Court on January 22, 2019, in accordance with Rule 69. As grounds therefor, CLAAS states:

1. On August 20, 2018, the Court entered judgment [Dkt. 43] in favor of CLAAS and against Justice Farms in the principal amount of $740,110.69, inclusive of attorneys' fees of $46,514.00, plus pre-judgment interest of $5,167.97 as of August 8, 2018, plus costs of this action of $494.02, together with post-judgment interest at the legal rate (the "Judgment").

Jeremy S. Friedberg, VSB No. 40228
Gordon S. Young, VSB No. 68822
Friedberg PC
10045 Red Run Boulevard, Suite 160
Baltimore, Maryland 21117
(410) 581-7400
(410) 581-7410 (facsimile)
jeremy@friedberg.legal
gordon.young@friedberg.legal

*Attorneys for CLAAS Financial Services LLC*

2. As of March 25, 2019, the Judgment totals $750,897.33, consisting of judgment principal of $740,110.69 and post-judgment interest of $10,786.64. Post-judgment interest continues to accrue as calculated pursuant to 28 U.S.C. § 1961.

3. At CLASS's request, on January 22, 2019, the Court issued certain garnishment summonses (collectively, the "Garnishment Summonses) to be served upon the following entities (collectively, the "Garnishees"):

    a. Pilgrim's Pride Corporation [Dkt. 46];

    b. C.A. Perry & Son, Inc. [Dkt. 48];

    c. The Scoular Company [Dkt. 50];

    d. Wells Fargo Bank, National Association [Dkt. 52];

    e. Premier Bank, Inc. [Dkt. 54];

    f. BB&T, Branch Banking & Trust Company of Virginia ("BB&T") [Dkt. 56];

    g. Merrill Lynch, Pierce, Fenner & Smith Incorporated. [Dkt. 58];

    h. Smithfield Foods, Inc. ("Smithfield") [Dkt. 60];

    i. JP Morgan Chase Bank, National Association [Dkt. 62]; and

    j. Perdue Farms, Inc. [Dkt. 64].

4. The Garnishment Summonses were served on each of the Garnishees.

5. Each of the Garnishees responded to the Garnishment Summonses and, other than BB&T [Dkt. 79, 81] and Smithfield [Check sent to Clerk's Office and then forwarded to undersigned counsel], all answered their respective Garnishment Summonses by stating that they were not holding money or other property of Justice Farms.

6. CLAAS intends to file a consent motion to condemn the funds being held in connection with the garnishment summonses that were served upon BB&T and Smithfield.

2. As of March 25, 2019, the Judgment totals $750,897.33, consisting of judgment principal of $740,110.69 and post-judgment interest of $10,786.64. Post-judgment interest continues to accrue as calculated pursuant to 28 U.S.C. § 1961.

3. At CLASS's request, on January 22, 2019, the Court issued certain garnishment summonses (collectively, the "Garnishment Summonses) to be served upon the following entities (collectively, the "Garnishees"):

    a. Pilgrim's Pride Corporation [Dkt. 46];

    b. C.A. Perry & Son, Inc. [Dkt. 48];

    c. The Scoular Company [Dkt. 50];

    d. Wells Fargo Bank, National Association [Dkt. 52];

    e. Premier Bank, Inc. [Dkt. 54];

    f. BB&T, Branch Banking & Trust Company of Virginia ("BB&T") [Dkt. 56];

    g. Merrill Lynch, Pierce, Fenner & Smith Incorporated. [Dkt. 58];

    h. Smithfield Foods, Inc. ("Smithfield") [Dkt. 60];

    i. JP Morgan Chase Bank, National Association [Dkt. 62]; and

    j. Perdue Farms, Inc. [Dkt. 64].

4. The Garnishment Summonses were served on each of the Garnishees.

5. Each of the Garnishees responded to the Garnishment Summonses and, other than BB&T [Dkt. 79, 81] and Smithfield [Check sent to Clerk's Office and then forwarded to undersigned counsel], all answered their respective Garnishment Summonses by stating that they were not holding money or other property of Justice Farms.

6. CLAAS intends to file a consent motion to condemn the funds being held in connection with the garnishment summonses that were served upon BB&T and Smithfield.

7. CLAAS and Justice Farms have reached a settlement regarding payment of the Judgment. As part of the settlement, CLAAS wishes to withdraw the Garnishment Summonses following entry of an order directing payment of the BB&T and Smithfield funds to CLAAS.

8. CLAAS has sought and obtained the consent of Justice Farms to the relief sought in this Motion.

9. In accordance with Loc. Civ. R. 11(c)(3), no supporting brief is being filed with this Motion. A proposed order granting the Motion is attached as <u>Exhibit 1</u>.

WHEREFORE, plaintiff/judgment creditor CLAAS Financial Services LLC respectfully requests that the Court enter an Order:

A. Withdrawing the Garnishment Summonses issued to the Garnishees described herein; and

B. Granting CLAAS such other and further relief as is appropriate under the circumstances.

Respectfully submitted,

<u>        /s/ Gordon S. Young            </u>
Jeremy S. Friedberg, VSB No. 40228
Gordon S. Young, VSB No. 68822
Friedberg PC
10045 Red Run Boulevard, Suite 160
Baltimore, Maryland 21117
(410) 581-7400
(410) 581-7410 (facsimile)
jeremy@friedberg.legal
gordon.young@friedberg.legal

*Attorneys for CLAAS Financial Services LLC*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of March, 2019, a copy of the foregoing, along with proposed order, was served *via* first-class mail, postage prepaid, and, if the recipients are properly registered, *via* the Court's CM/ECF system, on:

Aaron B. Houchens, Esq.
Aaron B. Houchens, P.C.
111 East Main Street
PO Box 1250
Salem, VA 24153.

                                                    /s/ Gordon S. Young
                                                    Gordon S. Young